24-2109-cr
*United States v. Rivera*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand twenty-six.

Present:

> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> BETH ROBINSON,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                              24-2109-cr

JONATHAN RIVERA,

> *Defendant-Appellant*.*

---

| | |
|---|---|
| For Defendant-Appellant: | MURRAY E. SINGER, ESQ., Port Washington, NY (Yuanchung Lee, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, *on the brief*) |
| For Appellee: | STEPHANIE SIMON (Olga I. Zverovich, *on the brief*), Assistant United States Attorneys *for* Jay Clayton, |

---

* The Clerk of the Court is respectfully directed to amend the caption on this Court's docket to be consistent with the caption on this order.

1

United States Attorney for the Southern District of
New York, New York, NY

Appeals from a judgment of the United States District Court for the Southern District of New York (Philip M. Halpern, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jonathan Rivera appeals from an amended judgment of the United States District Court for the Southern District of New York, entered on October 22, 2024, sentencing him to 180 months of imprisonment, to be followed by five years of supervised release. In December 2021, Rivera directed a woman he met online to record herself performing sexual acts on her four-year-old son and to send him these videos. Rivera was arrested in February 2022 and pled guilty to one count of coercion and enticement of a minor, in violation of 18 U.S.C. §§ 2422(b) and 2427, on December 19, 2023. The district court imposed multiple special conditions on Rivera during his term of supervision, including one that barred "view[ing], access[ing], possess[ing], and/or download[ing] any pornography involving adults unless approved by the sex-offender specific treatment provider" (the "Adult Pornography Condition"), App'x at 158, and another that required monitoring of internet-capable devices by the Probation Department (the "Electronic Monitoring Condition").[1] Rivera now appeals, asking this Court to strike both conditions. He contends that they were not supported by a sufficiently individualized

---

[1] The relevant portion of the Electronic Monitoring Condition is as follows: "You shall permit the U.S. Probation Office to install any application or software that allows it to survey and/or monitor all activity on any computer(s), automated service(s), or connected devices that you will use during the term of supervision and that can access the internet (collectively, the "Devices") . . . . To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced examinations of any Device(s) that are subject to monitoring. . . . You will not utilize any peer-to-peer and/or file sharing applications without the prior approval of your probation officer." App'x at 158.

2

assessment and that they unnecessarily restrict his liberty without bearing a reasonable relationship to the goals of sentencing. We assume the parties' familiarity with the case.

### I. Adult Pornography Condition

We begin with Rivera's challenge to the Adult Pornography Condition. Because Rivera did not object to this condition below, we review his claim only for plain error. *See United States v. Lewis*, 125 F.4th 69, 74 (2d Cir. 2025) ("[W]hen a defendant is on notice that a condition of supervised release will be imposed and fails to object, we review the defendant's arguments on appeal for plain error.").[2] Our Court has explained that conditions of supervised release that restrict access to pornography "must be supported on the record by detailed factual findings establishing that the proposed ban is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a) and that it is reasonably necessary to accomplish their objectives." *United States v. Bullock*, 152 F.4th 108, 122 (2d Cir. 2025). Where a district court fails to set forth such findings, we may nevertheless uphold a special condition if the court's "reasoning is self-evident in the record" and the condition is "reasonably related to the sentencing objectives." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018).

We discern no plain error in the district court's imposition of the Adult Pornography Condition. The restriction on adult pornography was subsumed within a broader special condition requiring that Rivera undergo sex offense evaluation and treatment, and Rivera's sex offender treatment provider could override the restriction by approving Rivera's possession of adult pornography. The court explained that it was imposing the condition requiring Rivera to undergo sex offense evaluation and treatment based on Rivera's offense conduct, as well as on the

---

[2] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

recommendation of a psychiatrist who conducted a psychosexual evaluation of Rivera at the behest of the Probation Department. That psychiatrist recommended that, as part of a broader program of sex offender treatment, Rivera be prohibited from viewing and possessing any sexually explicit materials. Further, the condition was reasonably related to the sentencing factors set forth in § 3553(a). The nature of Rivera's offense—inducing an adult to record herself performing sexual acts on a child and to share these recordings—implicated possession of pornography involving both adults and children. *See* 18 U.S.C. § 3553(a)(1). And Rivera's own communications with the victim's mother suggested a connection between his interest in adult pornography featuring threesomes and the crime of conviction. Finally, the psychiatrist's recommendation that Rivera be restricted from viewing or possessing sexually explicit materials bore on Rivera's rehabilitation, specific deterrence, and the need to protect the public from his future crimes. *See id.* § 3553(a)(2).

## II. Electronic Monitoring Condition

Rivera's challenge to the Electronic Monitoring Condition fares no better. Because Rivera also did not object to this condition below, we again review for plain error.

As with the Adult Pornography Condition, the district court provided a suitable explanation for the Electronic Monitoring Condition. At sentencing, the court explained that this condition was "based on the defendant's use of the internet, third-party platforms, and text messag[es] to induce his co-defendant to produce sexually-explicit images and videos of a minor[] and based on the recommendations of Dr. McCarthy." App'x at 139. On plain error review, this statement clearly satisfies the district court's duty to explain its reasoning for imposing the condition.

Rivera also contends that the Electronic Monitoring Condition is substantively unjustified. The standard for reviewing the substance of an electronic monitoring condition is well settled. In addition to being reasonably related to the § 3553(a) factors and reasonably necessary to

4

accomplish those objectives, a monitoring condition must also be "narrowly tailored[] and not sweep so broadly as to draw a wide swath of extraneous material into its net." *United States v. Browder*, 866 F.3d 504, 511 (2d Cir. 2017) (quoting *United States v. Lifshitz*, 369 F.3d 173, 190 (2d Cir. 2004)). Applying these criteria in *Browder*, we upheld a similar monitoring condition imposed on a defendant who had been convicted of possessing over 462 digital images of child pornography and had used software that could conceal or erase illegal images. *Id.* at 512. And in *United States v. Brown*, 173 F.4th 45 (2d Cir. 2026), we again upheld a similar condition for a defendant who used internet-enabled devices to file fraudulent tax returns.

Consistent with *Browder* and *Brown*, we conclude that the Electronic Monitoring Condition was reasonably related to Rivera's offense—which involved using the internet and online messaging platforms to induce an adult into committing sex acts on a minor and to share videos of those acts with Rivera—as well as the need to provide Rivera with treatment and to protect the public from further offenses. The condition was also "reasonably necessary" to achieve "specific deterrence, public protection, and rehabilitation." *Browder*, 866 F.3d at 512. It empowered the Probation Department to install monitoring software on Rivera's internet-capable devices, and to conduct unannounced examinations of these devices "[t]o ensure compliance with the computer monitoring condition." App'x at 158. These requirements ensured that Rivera would not use internet-capable devices to reoffend while on supervision or tamper with the monitoring software. The latter concern was more than speculative, as Rivera had deleted his messages with the victim's mother and the messaging application that the two used to communicate and had changed his phone number.

As to the issue of tailoring, the Electronic Monitoring Condition was not overbroad. Our decisions in *Browder* and *Brown* are instructive. In *Browder*, we upheld a computer monitoring

5

condition in part because it called for the third party that conducted the monitoring to report to Probation "only if it detect[ed] 'contraband.'" 866 F.3d at 512. Likewise, in *Brown*, we emphasized that the authorized monitoring "must be 'precisely targeted to' the government's goal of ascertaining whether Brown is using electronic devices to defraud others or commit a crime," though "we do not require Probation to employ 'the least intrusive means possible' to accomplish this goal." 173 F.4th at 50. And we noted that, while Brown had to submit to the installation of *monitoring software* on his electronic devices, Probation could conduct a *search* of the defendant's devices only "upon reasonable suspicion concerning violation of a condition of supervision or unlawful conduct" and only "at a reasonable time and in a reasonable manner." *Id.*

So too here. The condition authorizes *monitoring* of Rivera's devices, presumably by a computer application that searches for potential evidence that Rivera has violated or is violating the conditions of supervised release, as well as unannounced examinations of these devices "[t]o ensure compliance with the computer monitoring condition." App'x at 158. But Rivera's conditions of release allow a *search* of Brown's devices only "when there is reasonable suspicion concerning violation of a condition of supervision or unlawful conduct by the person being supervised"—presumably including reasonable suspicion generated by the monitoring program's detection of potential contraband. *Id.* The conditions thus do not offer Probation unrestricted access to information derived from Rivera's digital life other than that which potentially gives rise to reasonable suspicion of probation violations. Further, the Electronic Monitoring Condition's prohibition on Rivera's use of "peer-to-peer and/or file sharing applications" without Probation Department approval does not render it overbroad because these applications can readily facilitate offenses like the one committed by Rivera, which involved the distribution through electronic means of sexually explicit videos of minors. And, in any event, the contention that the district

court should have adopted a narrower condition is undermined by Rivera's failure to propose one below.

*      *      *

We have considered Rivera's remaining arguments and find them unpersuasive. For the foregoing reasons, the judgments of the district court are **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk